UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRISTAL ASU, LLC, *et al.*, | ) |
| | ) CASE NO. 1:18-CV-00849 |
| Plaintiffs, | ) |
| | ) JUDGE DONALD C. NUGENT |
| | ) |
| vs. | ) MEMORANDUM OPINION |
| | ) AND ORDER OF REMAND |
| DELTA SCREEN & FILTRATION, LLC | ) |
| dba DELTA SCREENS, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiffs' Motion to Remand this action to the Ashtabula County Court of Common Pleas (ECF #7). The Motion to Remand is opposed by Defendant (ECF #13) and Plaintiffs have filed their reply brief (ECF #15). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the Motion to Remand is hereby GRANTED.

I. FACTUAL AND PROCEDURAL BACKGROUND

This civil action was filed in the Ashtabula County Court of Common Pleas on March 1, 2018. The Plaintiffs, Cristal ASU, LLC and AMCS Corporation, allege claims for breach of warranty, breach of contract, and products liability against Defendant Delta Screen & Filtration, LLC. Pursuant to Ohio's service of process rules, Plaintiffs first served Defendant at its principal place of business on March 12, 2018. Defendant was subsequently served on March 16, 2018 when a Summons and Complaint was served upon Defendant's statutory agent. On April 13, 2018, Defendant filed a Notice of Removal with this court (ECF #1). Plaintiffs have since moved

to remand this case to Ashtabula County Court of Common Pleas on the basis that Defendant's Notice of Removal was filed after the thirty (30) day period for removal had tolled, thus making it untimely.

## II. DISCUSSION

*A. Requirements for Removal*

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Williams v. Pegnato & Pegnato Roof Mgmt., Inc.,* 619 F. Supp. 2d 420, 422 (N.D. Ohio 2008). Courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09. Whereas here, removal is based on diversity jurisdiction, 28 U.S.C. §1332 requires: (1) diversity of citizenship between the parties and (2) an amount in controversy, exclusive of interests and costs, that exceeds $75,000. When the amount pled does not explicitly meet the amount in controversy requirement, the defendant has the burden of proving that "more likely than not" this jurisdictional requirement has been met. *Rogers v. Wal-Mart Stores Inc.,* 230 F.3d 868, 871 (6th Cir. 2001).

28 U.S.C. § 1446(b)(1) establishes a 30-day mandatory deadline for filing a notice of removal, which begins either (1) within 30 days after receipt by the defendant of a copy of the initial pleading, or (2) if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant of a copy of an amended pleading or other paper from which it may first be ascertained that the case is one that has become removable. "The 30-day time limitation

to file a removal petition is mandatory." *Moran v. Guardian Automotive Products, Inc.* 3:05 CV 7184, 2005 WL 1308879, at *2 (N.D. Ohio June 1, 2005). Thus, "failure to comply with the 30-day limitation to file a petition for removal is an absolute bar [to removal] regardless of whether the removal would have been proper if timely filed." *Finley v. The Highbee Co.*, 1 F. Supp 2d 701, 702 (N.D. Ohio 1997) (citing *Sanborn Plastics v. St. Paul Fire and Marine Ins. Co.*, 753 F.Supp. 660, 664 (N.D.Ohio 1990).

*B. Service of Process*

Pursuant to Ohio's Civil Rule 4.2(F), service upon a corporation can be made by (1) serving the agent authorized by appointment or by law to receive service of process, (2) by serving the corporation at any of its usual places of business by a method authorized under Civ.R.4.1(A)(1), or (3) by serving an officer or a managing or general agent of the corporation. Here, Plaintiff served the corporation at a usual place of business, specifically its principal place of business. Diana Padilla signed for the Complaint and Summons and a return receipt reflects that on March 12, 2018 service was successfully completed. The status of Diana Padilla's employment with Defendant is irrelevant to the question of service because under Ohio's Rules of Civil Procedure, certified mail service is "valid where the envelope containing documents to be served is delivered to a person other than the defendant at the defendant's address." *Mitchell v. Mitchell*, 413 N.E.2d 1182, 1184 (Ohio 1980). Furthermore, the Ohio Supreme Court has held that "a corporation may be served within the meaning of Civ.R.4 when the summons and complaint are delivered by certified mail to the usual place of business of the corporation and not specifically addressed to an officer or agent of that corporation." *Samson Sales, Inc. v.*

3

*Honeywell, Inc.*, 421 N.E.2d 522, 523 (Ohio 1981). Here, Defendant admits that this certified mail was delivered to its principal place of business. Although Defendant claims that Diana Padilla failed to give this mail to the appropriate person, the Ohio Supreme Court has held that service upon a corporation at its business address satisfies the due process requirement of service of process because it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of action." *Id.* At 524. Upon return of the signed receipt, process is effective even if not delivered to the defendant or to a person authorized by appointment or by law to receive service of process for defendant. *Id.*

*C. 30-Day Tolling Period*

The tolling of the 30-day time period for removal began on March 12, 2018 when service of process was successfully performed at Defendant's principal place of business. This means that the 30-day period for removal expired on April 11, 2018. Defendant's Notice of Removal on April 13, 2018 was therefore untimely.

Here, the face of the Complaint indicates that this case was removable at the time of service. Defendant asserts that the Complaint was ambiguous in its prayer for relief and that it did not on its face alert the Defendant that the case was immediately removable. However, the Complaint seeks compensatory damages in the form of consequential and incidental damages, lost profits, costs, reasonable attorneys' fees incurred, and exemplary or punitive damages. In determining whether the amount in controversy has been met, "punitive damages must be considered. . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v.*

4

*Eq. Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Even in instances in which a plaintiff is limited in actual damages, punitive damages can be used to "make up" the requisite amount. *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943).

Defendant also points to the Plaintiffs' use of the language "in excess of $25,000" as evidence that the Complaint did not trigger the 30-day statutory time frame for a timely notice of removal. However, Plaintiffs' were limited in their Complaint by Ohio's Rule of Civil Procedure 8(A), which states that "if the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought." This language, therefore merely reflects Ohio's pleading requirements and not necessarily the amount in controversy of this case. Considering the number of claims Plaintiffs assert against Defendant, and the fact punitive damages are incalculable because they are at the discretion of the jury, the Complaint indicates that "more likely than not" the case would satisfy the amount in controversy requirement.

Beyond the face of the Complaint, the Sixth Circuit has held that in determining when the 30-day statutory time period begins, courts should consider when the defendant has "solid and unambiguous information that the case is removable." *Forest Creek Townhomes, LLC. V. Carroll Property Management, LLC.*, 695 Fed. Appx. 908, 912 (6th Cir. 2017). The Sixth Circuit has held that "§ 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (6th Cir.

1991). Defendant attached two pre-filing demand letters to its Notice of Removal (ECF #1, Exhibit #4, Exhibit #5), which both provide a breakdown of damages totaling in the hundreds of thousands. These demand letters, coupled with the fact that Defendant filed its Notice of Removal only two days past the statutory time period, indicate that Defendant had "solid and unambiguous" information at the time of service that the case was removable. Because the 30-day statutory period for removal began on March 12, 2018, Defendant's Notice of Removal was untimely filed on April 13, 2018.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs Motion to Remand (ECF #7) is granted. Accordingly, the Clerk of Courts is directed to remand this action to the Court of Common Pleas for Ashtabula County. This action is terminated.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

Dated: June 25, 2018